**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2917-18T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RAHEEN D. WILSON,
a/k/a RAHEEM WILSON,
and MARZETT WILSON,

 Defendant-Appellant.

_____

Submitted February 4, 2020 - Decided March 11, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 13-04-0480.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jennifer E. Kmieciak, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Raheen Wilson appeals from the December 31, 2018 denial of his petition for post-conviction relief (PCR), contending trial counsel was ineffective regarding a motion to suppress evidence, and the PCR court improperly denied his petition without an evidentiary hearing. We affirm.

We derive the facts from the motion to suppress hearing and our prior decision in the direct appeal. State v. Wilson, No. A-2318-14 (App. Div. Feb. 25, 2016).

After a narcotics investigation and several days of surveillance, the Trenton Police Department (TPD) obtained a search warrant for a residence in Trenton and the arrest of defendant and Ernest Scott, Sr. The warrant authorized the seizure of "controlled dangerous substances and/or associated paraphernalia" and permitted its execution "by using force, if necessary, after knocking and announcing your authority."

A team of TPD and New Jersey State Police (NJSP) officers approached the property to execute the warrant. NJSP Sergeant Kevin Walsh testified that he opened the screen door, knocked on the main wood door, and announced he was from the State Police and had a search warrant. There was no answer and Walsh waited between ten and sixty seconds before telling another officer to breach the door.

The second officer used a battering ram to force the door open. Defendant and Scott were apprehended on the first floor. As the NJSP moved from the second to the third floor of the home, they deployed a flash-bang device.[1] Walsh explained that a flash-bang is used if the officers determine it is "tactically needed to create a diversion . . . ." A third person was found and arrested on the third floor. After the scene was secured, the TPD searched the home and recovered marijuana, a handgun, hollow point bullets, and shotgun shells.

On April 16, 2013, defendant and Scott were charged in an indictment with fourth-degree controlled dangerous substance (CDS) possession, in violation of N.J.S.A. 2C:35-10(a) (count one); third-degree CDS possession with intent to distribute, in violation of N.J.S.A. 2C:35-5(a)(1), 2C:35-5(b)(11), 2C:2-6 (count two); third-degree CDS possession with intent to distribute in a school zone, in violation of N.J.S.A. 2C:35-7, 2C:35-5(a)(1), 2C:2-6 (count three); third-degree use of a fortified premises, in violation of N.J.S.A. 2C:35-4.1(c), 2C:2-6 (count four); fourth-degree maintaining a narcotic nuisance, in violation of N.J.S.A. 24:21-21(a)(6), 2C:2-6 (count five); second-degree

_____

[1] "A flash-bang has been described as a 'device that emits an intensely bright flash and a percussive, loud blast of sound.'" Wilson, slip op. at 3 n.2 (quoting State v. Rockford, 213 N.J. 424, 454 (2013) (LaVecchia, J., dissenting)). The TPD's report stated the flash-bang device was deployed in the third-floor attic.

A-2917-18T4

possession of a firearm during the commission of a CDS offense, in violation of N.J.S.A. 2C:39-4.1(a) (count six); and second-degree certain persons not to possess weapons, in violation of N.J.S.A. 2C:39-7(b) (count seven).

Scott moved to suppress the evidence seized during the search, challenging the manner of execution of the warrant. Defendant joined in the motion. Defense counsel argued that Walsh had not waited a sufficient amount of time after knocking and announcing his presence and forcing entry into the residence.

The motion judge denied the motion to suppress, finding Walsh's testimony credible and that he knocked and announced the officers' presence. Thereafter, defendant pleaded guilty to count two and was sentenced to time served.

On direct appeal, defendant argued (1) the trial court did not address whether the length of time the officers waited before forced entry was reasonable, and (2) the trial court did not address the use of the flash-bang device. Wilson, slip op. at 4.

We affirmed the denial of defendant's motion to suppress. Id. at 1. We found "[d]efendant's claim that the officers did not wait a reasonable period before the forced entry is untethered to any record evidence, and he has failed

to show that the execution of the search warrant was in any way unreasonable." Id. at 4. As to the second argument, this court declined to consider it because defense counsel had not raised any issue regarding the flash-bang device during the suppression hearing. Therefore, it was inappropriate to consider it for the first time on appeal. Id. at 4-6.

Defendant filed a pro se PCR petition and supplemental brief. In his pro se brief, defendant asserted trial counsel was ineffective for (1) failing to elicit testimony regarding the length of time before law enforcement forced entry into the residence and (2) failing to challenge the use of the flash-bang device.[2]

PCR counsel was assigned and filed a brief in support of defendant's petition. In the brief, PCR counsel argued trial counsel failed to elicit testimony regarding the length of time before law enforcement forced entry into the residence, and that the length of time officers waited before entering the residence was unreasonable.

PCR counsel further asserted trial counsel failed to challenge the use of the flash-bang device. Counsel argued the use of a flash-bang device was not justified by the circumstances in the case, given the lack of evidence that the

---

[2] Defendant asserted a number of additional grounds for PCR, which were considered and rejected by the PCR judge. The denial of those additional claims has not been challenged on appeal.

targets were armed or had access to weapons, or that loss of evidence, personal injury or property damage was a concern. PCR counsel asserted the motion to suppress would have been granted if trial counsel brought these facts to light during the motion and challenged the use of the device.

After oral argument, the PCR court denied the petition in a comprehensive nineteen-page written decision.

In addressing defendant's challenge to the officers' entry into the residence and the trial court's findings, the PCR court found the argument was procedurally barred because this court "expressly considered" and rejected defendant's argument that the officers failed to knock and announce their presence before they entered the home.

The PCR court further found "[t]he record of the suppression hearing also belies [d]efendant's claim of ineffective assistance," noting trial counsel "vigorously cross[-]examined the officers and challenged the reasonableness of their entry."

In addition, the PCR court observed the record also established that defense counsel "argued vigorously" to the motion judge that the police had not waited a reasonable amount of time after knocking and announcing before the forced entry. Furthermore, the PCR court found there was ample evidence in

the record to establish that ten to sixty seconds was a reasonable amount of time to wait before entry. Therefore, any deficiency on the part of trial counsel would not have changed the outcome of the suppression motion.

The PCR court also rejected the claim that trial counsel was ineffective for failing to challenge the use of the flash-bang device. In quoting Rockford, 213 N.J. at 432, the PCR court stated there was no "bright-line rule that would preclude the use of a flash-bang device in the execution of a knock-and-announce warrant absent unanticipated exigent circumstances." After analyzing the Rockford factors, the PCR court found the deployment of the flash-bang device was reasonable.

The PCR court remarked that

> Defense [c]ounsel's performance was constitutionally sound. The record indicates that [d]efense [c]ounsel's strategy in both his brief and oral argument was to challenge the reasonableness of the "knock and announce." . . . Defense [c]ounsel cross-examined the State's witnesses and argued vigorously that the officers failed to announce their presence in a manner that was consistent with the dictates of the Fourth Amendment. . . . Defense [c]ounsel questioned Sergeant Walsh about the flashbang deployment, but he chose to focus his defense strategy on a much more viable area – the reasonableness of the "knock and announce."

Furthermore, the PCR court held that, even if trial counsel had contested the use of the flash-bang device, the evidence found incident to the authorized

warrant would have been found anyway under the inevitable discovery doctrine. Because the evidence was recovered independently by the TPD after the NJSP deployed the flash-bang device, it would have been discovered regardless of the deployment of the device. The flash-bang device did not play any role in the entry of the residence because the NJSP used the device between the second and third floors to secure the scene and apprehend the individual on the third floor.

The PCR court also considered and rejected defendant's additional ineffective assistance claims in his pro se petition and brief because they were "bald assertions that are devoid of competent evidentiary support." (citing State v. Fritz, 105 N.J. 42, 64-65 (1987)). The court noted defendant failed to "articulate the specific actions that [trial counsel] should have taken or the probable impact of those actions on his decision to plead guilty."

On appeal, defendant presents the following issue:

> THE PCR COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON MR. WILSON'S CLAIM THAT TRIAL COUNSEL PROVIDED HIM WITH INEFFECTIVE ASSISTANCE OF COUNSEL IN CONNECTION WITH THE MOTION TO SUPPRESS EVIDENCE

Specifically, defendant argues the PCR court erred in finding (1) the issue of whether the officers waited a reasonable time before entering the residence was determined on direct appeal; and (2) that even if counsel had contested the

necessity of the flash-bang device, its use was objectively reasonable. Defendant also challenges the PCR court's finding that the evidence seized pursuant to the search would have been discovered under the inevitable discovery doctrine.

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by the New Jersey Supreme Court in Fritz, 105 N.J. at 58. In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test establishing both that: 1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and 2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

There is no merit to defendant's argument that trial counsel failed to elicit testimony regarding the reasonable time officers waited before entering the residence. The "reasonableness" issue was considered and determined on direct

9

appeal. There, we stated there was no evidence to support defendant's argument that the officers did not wait a reasonable time before the forced entry. Furthermore, we concluded defendant had not demonstrated the "execution of the search warrant was in any way unreasonable." Wilson, slip op. at 4. Therefore, this issue cannot be raised in a PCR petition. See R. 3:22-5.

We are also unpersuaded by defendant's assertion that trial counsel was ineffective for failing to contest the use of the flash-bang device. The PCR court considered the pertinent case law regarding the use of the device and found its use was reasonable under all of the circumstances.

Moreover, the use of the device did not uncover any evidence. It was used to secure the scene for the TPD and apprehend the person on the third floor. The TPD then conducted an independent search of the premises pursuant to the search warrant during which evidence was seized. Therefore, the evidence would have been discovered and seized whether the flash-bang device was used or not.

We are satisfied the PCR court's denial of the petition was supported by the credible evidence in the record. Defendant did not demonstrate trial counsel was ineffective under the Strickland-Fritz test, and therefore, he was not entitled to an evidentiary hearing.

A-2917-18T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION